UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHWURONG LEE,<br><br>            Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK N.A. AS TRUSTEE OF MASTR ADJUSTABLE RATE MORTGAGES TRUST 2004-7, et al.,<br><br>            Defendants. | Case No.  16-cv-05094-JST<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 8 |

Plaintiff has filed a Motion for Temporary Restraining Order, Order to Show Cause Why Preliminary Injunction Should Not Issue, and for Preliminary Injunction and for Sanctions.  ECF No. 8.  He seeks to enjoin a trustee's sale of real property currently set for September 12, 2016.  See id.

The standard for a TRO is the same as for a preliminary injunction, and requires the moving party to establish (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest."  Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Nat. Resources Defense Council, 555 U.S. 7, 20 (2008)).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22.

In addition, the moving party must also show it has complied with the notice requirements under Federal Rule of Civil Procedure 65(b)(1) and Civil Local Rule 65-1(b).  Fed. R. Civ. Pro

65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Civil L.R. 65-1(b) further provides: "Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

Here, Plaintiff has not demonstrated that he has satisfied the procedural notice requirements. Though his counsel states that she communicated an "intention to seek a restraining order" through "correspondence" and "telephone calls," this alone is insufficient to meet the requirements of Fed R. Civ. Pro 65 and Civil L.R. 65. See, e.g., Eichner v. Bank of Am., N.A., No. C 13-3635 SBA, 2013 WL 4483521, at *2 (N.D. Cal. Aug. 20, 2013) (delivery of copies of summons, complaint, and TRO application to the manager on duty at defendant's headquarters was insufficient because it "leaves the Court uncertain as to whether Defendant or Defendant's counsel actually received notice of Plaintiff's TRO Application"). Plaintiff provides no evidence that notice of the motion itself was provided to the opposing party or that service copies of the motion were delivered.

Nor has Plaintiff attempted to offer any reason or good cause why notice of the motion should not be required here. Accordingly, the Court concludes that Plaintiff has not complied with the notice requirements of Fed R. Civ. Pro 65 and Civil L.R. 65. See Rosal v. First Fed. Bank of California, No. C 09-1276 PJH, 2009 WL 837570, at *1 (N.D. Cal. Mar. 26, 2009) ("Based on this review, the court finds that plaintiff's ex parte motion must be denied for failure to comply with Civil Local Rule 65–1 and Rule 65 of the Federal Rules of Civil Procedure.").

The Motion for a Temporary Restraining Order is denied without prejudice. Any re-filed motion must demonstrate compliance with the notice requirements outlined above, as well as that Plaintiff meets all other requirements for entitlement to a TRO. For these same reasons, Plaintiff's

1  requests for an Order to Show Cause why a preliminary injunction should not issue and for a
2  preliminary injunction are also denied.
3       IT IS SO ORDERED.
4  Dated:  September 9, 2016



                              JON S. TIGAR
                        United States District Judge