UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHWURONG LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>    Defendants. | Case No. 16-cv-05094-JST<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: ECF Nos. 37, 38 |

Before the Court are Defendant Chase Bank, N.A. and Defendant Bank of New York Mellon's (the "Bank Defendants") motion to dismiss, ECF No. 37, and Defendant MTC Financial, Inc.'s motion to strike, ECF No. 38. The Court will grant both motions.

I.  **BACKGROUND**

A.  **Factual Background**

In May 2004, Plaintiff Shwurong Lee ("Plaintiff") obtained a $1,000,000 mortgage loan in connection with the property located at 1240 Cutlet Ranch Road, Danville, California ("the Subject Property"). ECF No. 36 ("FAC") ¶ 9; ECF No. 18-1 Exhibit 1. The loan was secured by a Deed of Trust ("the Deed") recorded on May 18, 2004 with the Contra Costa County Recorder's Office ("the Recorder's Office") as instrument number 2004-0184646-00. FAC ¶ 9; ECF No. 18-1 Ex. 1. The Deed identifies Washington Mutual Bank ("WaMu") as the lender, California Reconveyance Company ("CRC") as the trustee, and Plaintiff as the borrower. FAC ¶ 10; ECF No. 18-1 Ex. 1. The Deed secured a promissory note ("the Note") for $1,000,000 in favor of WaMu. FAC ¶ 9; ECF No. 18-1 Ex. 1.

On September 25, 2008, WaMu and certain of its affiliates were declared insolvent and the Federal Deposit Insurance Company ("the FDIC") was appointed as receiver. FAC ¶ 11. The

1  same day, Chase entered into a Purchase and Assumption Agreement ("the PAA") with the FDIC
2  acting in its corporate capacity as well as receiver for WaMu. FAC ¶ 11; ECF No. 18-1 Ex. 2.
3  Under the PAA, the FDIC transferred to Chase "all right, title, and interest of the Receiver in and
4  to all the assets" of WaMu. FAC ¶ 11; ECF No. 18-1 Ex. 2. In his Complaint, Plaintiff alleges,
5  "on information and belief[,]" that the Note and the Deed "were not specifically identified in the
6  receivership as an asset subject to the [PAA]" and therefore "neither were [sic] actually transferred
7  to [Chase]." FAC ¶ 11.

8  On March 15, 2011, CRC, as trustee of the Deed, recorded a Notice of Default ("the
9  NOD") with the Recorder's Office as instrument number 2011-0054937-00 against the Subject
10 Property, identifying $37,184.42 as the amount in arrears. FAC ¶ 12; ECF No. 18-1 Ex. 3. On
11 June 16, 2011, CRC recorded a Notice of Trustee's Sale with the Recorder's Office as instrument
12 2011-0119536-00, identifying $1,017,931.21 as the unpaid balance and July 7, 2011 as the date of
13 the trustee's sale. FAC 1 ¶ 13; ECF No. 18-1 Ex. 4. The July 7, 2011 sale was postponed and, on
14 March 2, 2012, a second Notice of Trustee's Sale was recorded by CRC with the Recorder's
15 Office as instrument 2012-0049230-00, identifying $1,049,193,42 as the unpaid balance and
16 March 23, 2012 as the date of the trustee's sale. FAC ¶ 14; ECF No. 18-1 Ex. 5. The March 23,
17 2012 sale was also postponed.

18 On January 25, 2016, an Assignment of Deed of Trust ("the Assignment") was recorded in
19 the Recorder's Office as instrument number 2016-0012799-00. FAC ¶ 15; ECF No. 18-1 Ex. 6.
20 The Assignment transferred "all beneficial interest" under the Deed from Chase to Mellon. FAC ¶
21 15; ECF No. 18-1 Ex. 6. On July 19, 2016, Mellon recorded a Substitution of Trustee with the
22 Recorder's Office, substituting MTC for CRC as trustee under the Deed. FAC ¶ 18; ECF No. 19-
23 1 Ex. D.

24 On August 4, 2016, MTC recorded a third Notice of Trustee's Sale with the Recorder's
25 Office, identifying the unpaid balance as $1,248,825.01 and September 12, 2016 as the date of the
26 trustee's sale. FAC ¶ 19; ECF No. 18-1 Ex. 7. The scheduled sale was postponed until November
27 21, 2016, and still has not occurred. ECF No. 37 at 9.

28 In October of 2015, Plaintiff entered into a Residential Purchase Agreement with a third

2

party, who was to purchase the Subject Property. FAC ¶ 16. That deal did not go through and, on August 17 of this year, Plaintiff entered into another Residential Purchase Agreement with a different third party. FAC ¶¶ 20-21. Plaintiff alleges Chase was aware of the first Residential Purchase Agreement, and further alleges an agreement between himself and Chase allowing him to proceed with the sale. FAC ¶ 17. Plaintiff claims that the foreclosure process violated the alleged agreement between himself and Chase, and constituted unlawful dual-tracking. FAC ¶¶ 20-21. Plaintiff further alleges the trustee's sale was initiated by parties with no lawful interest in the Subject Property. FAC ¶ 22. In his FAC, Plaintiff adds that Bank of America approved this second short sale agreement in writing on October 25, 2016. FAC ¶ 31.

### B. Procedural Background

Plaintiffs' initial complaint alleged eight causes of action. ECF No. 1. In September 2016, the Bank Defendants and MTC Financial moved to dismiss Plaintiff's complaint. ECF Nos. 18, 19. On December 9, 2016, the Court granted the motion. ECF No. 34. The Court first dismissed Plaintiff's state law claims against MTC Financial with prejudice, concluding MTC Financial's actions were privileged under California Civil Code § 2924(d). Id. at 17. The Court also dismissed Plaintiff's federal claims against MTC Financial, but gave leave to amend. Id. As for the Bank Defendants, the Court granted their motion to dismiss in its entirety without prejudice, except for Plaintiff's RICO claim, which the Court dismissed with prejudice. Id.

Plaintiff filed his amended complaint on January 6, 2017. ECF No. 36. The FAC drops seven of Plaintiff's eight original causes of action, alleging only a violation of California Civil Code § 2924.11. FAC ¶¶ 21-32. That cause of action is alleged as to all Defendants. Id. MTC moved to strike Plaintiff's state law claim against it, or alternatively to dismiss the claim with prejudice. ECF No. 38. The Bank Defendants also moved to dismiss the FAC for lack of subject matter jurisdiction and, alternatively, under 12(b)(6). ECF No. 37.

## II. REQUESTS FOR JUDICIAL NOTICE

Before addressing the merits of the motions before it, the Court must resolve the pending requests for judicial notice. The Bank Defendants have filed a request for judicial notice in support of their motion to dismiss. ECF No. 37-1. Defendant MTC also filed a request for

judicial notice. ECF No. 38-1.  With the exception of the Purchase and Assumption Agreement, all the documents were either publicly recorded in Contra Costa County or are court records. Accordingly, aside from that Agreement, the Court grants Defendants' requests for judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record.") (internal quotations and citation omitted).

### III.  MOTION TO STRIKE

MTC Financial argues that the Court should strike Plaintiff's state law claim as it relates to MTC Financial because the Court previously dismissed all state law claims against MTC Financial with prejudice based on California's § 2924(d) privilege. ECF No. 34.  The Court agrees.  In its order granting the motions to dismiss, the Court specifically denied Plaintiff leave to amend his state law claims as to MTC Financial.  Therefore, those allegations were improper and the Court strikes them from the FAC.

### IV.  MOTION TO DISMISS

The Bank Defendants moved to dismiss the FAC for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 37.  The Court concludes that it has jurisdiction, but that Plaintiff failed to amend his complaint to plausibly allege a violation of § 2924.11.

#### A.  Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1331.  If a court has original jurisdiction over one claim in a case, it may exercise "supplemental jurisdiction" over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  Although Plaintiff's original complaint alleged federal and state claims, his FAC alleges only one state law claim.   Therefore, the Court no longer has federal question or supplemental jurisdiction.

However, the Court may still have diversity jurisdiction.  Diversity jurisdiction exists "over suits for more than $75,000 where the citizenship of each plaintiff is different from that of

each defendant." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).  The Bank Defendants argue that complete diversity does not exist here because MTC Financial and Plaintiff are both citizens of California.  ECF No. 37 at 11.  But the Court struck the allegations as to MTC Financial, and, as the Bank Defendants concede, there is complete diversity among the remaining parties.  Id.

The Bank Defendants also argue that "Plaintiff cannot meet the amount in controversy threshold of $75,000."  Id.  As the Bank Defendants correctly note, because a trustee's sale has not yet been recorded on the subject property, Plaintiff may only sue for injunctive relief, not actual economic damages.  Cal. Civ. Code § 2924.11 ("If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55 . . . 2924.11.").  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Cohn v. Petsmart, 281 F.3d 837, 840 (9th Cir. 2002).

Here, the "value of the object of the litigation" is the property, which is worth well over $75,000.[1]  See Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 (9th Cir. 2011) ("Here, the object in litigation is the Property, which was assessed at a value of more than $200,000, and therefore satisfies the amount-in-controversy requirement.").  In some cases, where the Plaintiff challenged the denial of a loan modification or where no foreclosure was pending, courts have held that the "value of the house, or the loan, is not the proper measure of the amount in controversy."  Quiroga v. Bank of Am., N.A., No. EDCV151163MWFKKX, 2015 WL 4747978, at *3–4 (C.D. Cal. Aug. 10, 2015).  But Plaintiff alleges that Defendants wrongfully denied him the opportunity to complete a short sale of the subject property, not that they wrongfully denied him a loan modification. FAC ¶¶ 23-24.  Plaintiff also alleges that a Notice of Default was recorded.  FAC ¶ 12.  Therefore, the facts here are distinguishable from Quiroga and the other cases Defendants cite.  See, e.g., Vonderscher v. Green Tree Servicing, LLC, No. 2:13-CV-00490-MCE, 2013 WL 1858431, at *3-4 (E.D. Cal. May 2, 2013) (rejecting value of property

---

[1] Plaintiff alleges that he took out a $1,000,000 loan to purchase the property.  FAC ¶ 9.

5

as the amount in controversy where the plaintiffs sought a loan modification and were not in default on their loan). Because "the face of Plaintiff['s] complaint clearly demonstrates that [he] seek[s] to enjoin the sale" of the subject property, "the amount in controversy exceeds $75,000." Cabriales v. Aurora Loan Servs., No. C 10-161 MEJ, 2010 WL 761081, at *3 (N.D. Cal. Mar. 2, 2010).

Both the complete diversity and amount-in-controversy requirements of diversity jurisdiction are met. Therefore, the Court has subject matter jurisdiction.

### B. Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

In its last order, the Court concluded that "Plaintiff has failed to establish that a foreclosure prevention alternative was approved in writing by all parties" as required by § 2924.11. ECF No. 34 at 12 (prohibiting recording a notice of default unless "[a] foreclosure prevention alternative has been approved in writing by all parties"). The Court further explained that "Plaintiff's own exhibits indicate that, even if the parties considered a foreclosure prevention alternative, it was ultimately rejected by Chase." Id.; see ECF No. 1-13 Ex. J ("Your request for a short sale request isn't approved . . . . You may be able to send a new offer, but it won't stop any collection and/or foreclosure activity if your account is past due.").

In the FAC, Plaintiff adds the following allegation:

> On October 25, 2016, Bank of America, N.A. approved the short-sale in written correspondence, a true and correct copy of which is attached hereto as Exhibit J. Bank of America, N.A. approved the short-sale from the date RPA 1 was executed, but these approvals expired periodically. Exhibit J is a copy of a later issued approval.

FAC ¶ 31. Construed favorably to Plaintiff, this letter appears to satisfy § 2924.11's requirement

6

of a short sale approved in writing. ECF No. 36-11. The letter "confirm[s] [Bank of America's] agreement to accept a short sale offer" of $8,500 and states that the Bank will "waive [its] right to pursue collection of any deficiency following the completion of your short sale." Id.

The problem, however, is that Plaintiff does not allege any Defendant recorded a notice of default *subsequent* to the approval of this short sale. Therefore, there is no indication that any Defendant has violated § 2924.11, which prohibits recording such a notice once a foreclosure prevention alternative is approved in writing.[2]

## CONCLUSION

The Court grants MTC Financial's motion to strike. The Court also grants the Bank Defendants' motion to dismiss. At the hearing on these motions, Plaintiff's counsel was unable to identify any document recorded after October 25, 2016 that would trigger the protections of section 2924.11, and the Court therefore concludes that amendment would be futile. The motion is granted with prejudice.

The Clerk will enter judgment and close the file.

IT IS SO ORDERED.

Dated: March 10, 2017

_____
JON S. TIGAR
United States District Judge

---

[2] The Court does not address the Bank Defendants' alternative estoppel, FIRREA, and res judicata arguments. ECF No. 37 at 15.